UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD., <br> Plaintiff, <br> vs. <br> MARINE MECHANICAL INC., <br> Defendant. | 3:10-cv-00029 JWS <br> ORDER AND OPINION <br> [Re: Motion at docket 184] |

At docket 184 plaintiff American President Lines, Ltd. ("APL") asks the court to reconsider two specific aspects of the decision set forth in the order at docket 183. Specifically, APL asks the court to reconsider its decision on the scope of Article 7 of the parties' contract and to reconsider its characterization of the 2003 substitution of defendant Marine Mechanical, Inc. ("MMI") for Marine Maintenance, Inc.

The Ninth Circuit has explained when a district court should reconsider a prior decision: "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[1]

APL offers no newly discovered evidence and does not point to any intervening change in the law. Neither does APL urge that the court's decision was manifestly unjust. Rather, it contends that the court erred.

---

[1]*School Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

With respect to the court's decision on the scope of Article 7, this court has considered APL's argument and does not find it persuasive. The court continues to believe that its analysis of Article 7 as set forth in the order at docket 183 is correct.

With respect to whether there was a novation or an assignment when MMI was substituted for Marine Maintenance, Inc., it was not clear error to characterize the substitution as the court did in the order at docket 183, because what the court wrote is clearly consistent with APL's own characterization of the event as alleged in paragraph 16 of its complaint, which reads in pertinent part: "MMI succeeded to all of Marine Maintenance Inc.'s obligations under the contract *by assignment* in 2003."[2] This allegation was admitted in MMI's answer, which also explicitly refers to "the contract and assignment."[2]

For the reasons above, the motion for reconsideration at docket 184 is **DENIED**.

DATED this 20th day of June 2013.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[2] Doc. 1-4, ¶16 at page 3 (emphasis added).

[2] Doc. 9, ¶ 16 at page 3.